E-FILED
Tuesday, 21 January, 2025  10:50:09 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| KHRISTINSEN JAMES NELTON, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 24-4147** |
| | ) | |
| MARK WILLIAMS *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Khristinsen Nelton, Jr., an inmate at East Moline Correctional Center ("EMCC"). Plaintiff also filed a Motions for Counsel (Doc. 5) and Status (Doc. 9).

I.     **Complaint**

A.  **Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

Page **1** of **6**

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges violations at EMCC against the following officials: Acting Illinois Department of Corrections Director Latoya Hughes, Acting EMCC Warden Mark Williams, former EMCC Warden John Varga, and Corrections Officers John Doe I and II.

Plaintiff arrived at EMCC on August 9, 2023, and was placed in cell number eight, which he characterizes as deplorable. Plaintiff noted trash, filth, excessive mold, and an infestation of ants, spiders, and centipedes. Plaintiff told an unknown corrections officer about the conditions, and the officer stated he would put in a work order. Plaintiff and his cellmate applied petroleum jelly to the perimeter of the cell, which diverted the pests. Cell eight shared a ventilation system with cell seven, which was empty due to a broken toilet but contained excessive mold Plaintiff could smell through holes in the interior wall that divided the cells. (Pl. Comp. Doc. 1 at 5-6.)

On October 30, 2023, a pipe burst in cell seven that a maintenance crew fixed that day. Plaintiff asserts that Defendant Doe II initially told Plaintiff to clean up the water from the burst pipe and then closed the door to cell seven after the maintenance crew finished. The maintenance crew returned the next day to continue their work on cell seven, which exposed Plaintiff to thick smoke with no ventilation. Plaintiff experienced coughing, irregular breathing, cold chills, and fever days later. Plaintiff believes that his continuous exposure to the hazardous and toxic mold caused his ongoing health complications. (*Id.* at 6-7.)

**C. Analysis**

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id*. "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id*. at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id*. "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Plaintiff's account is insufficient to state a claim for relief. Plaintiff mentioned two unidentified corrections officers that the Court presumes are Defendant Doe I and Doe II. As to Doe I, Plaintiff asserts that he stated he would put in a work order after Plaintiff complained about the conditions of his confinement, which is insufficient to establish Doe I was deliberately indifferent to Plaintiff's health or safety. *See Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) ("To meet the second element, a plaintiff must show that 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (quoting *Estate of Miller v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)).

Page **3** of **6**

Similarly, Plaintiff asserts that Doe II directed Plaintiff to clean the water from the burst pipe and then closed the door to cell seven after the maintenance crew completed their task, which is insufficient to show the requisite mental state to establish a conditions of confinement claim against Doe II.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite identifying Defendants Hughes, Williams, and Varga, Plaintiff does not mention the acts or omissions to establish a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Consequently, the Court dismisses Plaintiff's complaint because he fails to state a plausible claim for relief. However, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's Amended Complaint must stand independently without reference to his initial filing and contain all claims against all defendants. In other words, Plaintiff's amended pleading must specify the

constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II.      Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances).

In considering Plaintiff's Motions for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's Motion for Counsel (Doc. 5) because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status (Doc. 9) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

  1) **Plaintiff's Motion for Counsel (Doc. 5) is DENIED for the reasons stated.**

2) **Plaintiff's Motion for Status (Doc. 9) is MOOT.**

3) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

4) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED January 21, 2025.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE