E-FILED
Friday, 20 June, 2025  10:44:03 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| KHRISTINSEN J. NELTON, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 24-4147** |
| | ) | |
| MARK WILLIAMS *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint (Doc. 12) filed under 42 U.S.C. § 1983 by Plaintiff Khristinsen Nelton, Jr., an inmate at East Moline Correctional Center ("EMCC"). Plaintiff also filed a Motion for Extension of Time (Doc. 11).

## I.    Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

Page **1** of **7**

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.   Factual Allegations

Plaintiff alleges violations at EMCC against the following officials: Illinois Department of Corrections Director Latoya Hughes, Administrative Review Board Member Jeremy Bonnet, EMCC Warden Mark Williams, former EMCC Warden John Varga, Administrator Baker, Chief Engineer Arbuckle, Nurse Practitioner Wager, R. Slocum, C. Counselor, Vandusseldorp, Keith R., Corrections Lieutenant Cox, Corrections Officers Chaves, Hanan, and Migotti and Wexford Health Sources, Incorporated ("Wexford").

On August 9, 2023, Plaintiff was housed in 2/b-Wing, cell eight, which exposed him to "high amounts of mold in the air ducts." (Pl. Amend. Compl., Doc. 12 at 3:15). Plaintiff asserts that he developed bronchitis symptoms and was subsequently denied medical care for his medical condition. Plaintiff states that he requested to be removed from those conditions, but Defendants denied him. (*Id.* at 3:16.) Plaintiff states in an attached affidavit that Defendants Arbuckle and Williams were aware of the mold conditions. (Pl. Aff., Doc. 12-1 at 10.)

Plaintiff recounts that on an unidentified date, Defendant Wager requested Plaintiff's transfer to a different cell due to mold exposure, but his movement was delayed. Plaintiff states that he filed grievances that Defendant Hughes denied.

### III.    Analysis

Plaintiff's Motions for Extension of Time (Doc. 11) and Leave to File an Amended Complaint (Doc. 12) are granted.

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id*. "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id*. at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id*. "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Plaintiff's account is sufficient to state an Eighth Amendment conditions of confinement claim against Defendants Arbuckle and Williams. However, Plaintiff does not state plausible claims against the remaining Defendants.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo*

*v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite naming Defendants Baker, Bonnet, Chaves, Counselor, Cox, Hanan, Keith R., Migotti, Slocum, Vandusseldorp, and Varga, Plaintiff does not mention the acts or omissions to establish a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff does not state a claim against Wager as he claims Wager requested to have him moved from his cell, which does not evince a culpable state of mind. *See Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 422 (7th Cir. 2017) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted))).

Furthermore, Plaintiff does not state a claim against Defendant Hughes for responding to Plaintiff's grievances. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill.*,

*Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not allege facts against Wexford to establish or permit the Court to infer an official policy or custom under any of the three conditions mentioned above. Thus, Plaintiff fails to state a *Monell* claim against Wexford.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Extension of Time (Doc. 11) and Leave to File an Amended Complaint (Doc. 12) are GRANTED.**

2) **The Clerk of the Court is DIRECTED to docket Plaintiff's Amended Complaint (Doc. 12) and appended exhibits (Doc. 12-1) and terminate Defendants Baker, Bonnet, Counselor, Cox, Chaves, Hanan, Hughes, Kieth R., Migotti, Slocum, Unknown Officer #1, Unknown Officer #2, Vandusseldorp, Varga, Wager, and Wexford as Defendants.**

3) **According to the Court's screening of Plaintiff's Amended Complaint (Doc 8-1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with Eighth Amendment conditions of confinement claim against Defendants Arbuckle and Williams. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service.**

Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within

thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED June 20, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE